<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 11-1644

———————

WESTGATE MYRTLE BEACH, LLC, a Florida Limited
Liability Company,

Plaintiff – Appellant,

v.

HOLIDAY HOSPITALITY FRANCHISING, INC., a
Delaware Corporation,

Defendant – Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   J. Michelle Childs, District
Judge.  (4:08-cv-03590-JMC)

———————

Argued:  May 16, 2012                    Decided:  June 11, 2012

———————

Before MOTZ, DAVIS, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Ronald  Hawthorne  Barrett,  TURNER,  PADGET,  GRAHAM  &
LANEY,  PA,  Columbia,  South  Carolina,  for  Appellant.   Merritt
Gordon  Abney,  NELSON  MULLINS  RILEY  &  SCARBOROUGH,  LLP,
Charleston,  South  Carolina,  for  Appellee.   **ON  BRIEF:** John S.
Wilkerson,  III,  TURNER,  PADGET,  GRAHAM  &  LANEY,  PA,  Charleston,
South  Carolina,  for  Appellant.   Richard A. Farrier, Jr., NELSON
MULLINS  RILEY  &  SCARBOROUGH,  LLP,  Charleston,  South  Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from the purchase by Appellant Westgate Myrtle Beach, LLC ("Westgate"), a timeshare developer, of a beachfront resort property from an entity known as MB Inn, Inc. ("MBII"), which operated the property as a Holiday Inn pursuant to a license agreement with Appellee Holiday Hospitality Franchising, Inc. ("Holiday").[1] Westgate and Holiday entered into a Temporary License Agreement ("TLA") that allowed Westgate to continue to operate the property as a Holiday Inn for six months following the closing.

The TLA was extended several times to permit continued negotiations about the possibility of Westgate opening a timeshare resort in conjunction with a Holiday Inn at the property on a long-term basis. Ultimately, Westgate and Holiday failed to reach agreement, and the TLA expired. Pursuant to the TLA, Westgate operated the property as a Holiday Inn until the TLA expired and paid Holiday licensing fees specified in the TLA for this period.

Thereafter, Westgate filed suit against Holiday alleging claims for unjust enrichment and promissory estoppel. Holiday denied Westgate's allegations and, asserting that its

---

[1] MBII was not involved in the litigation giving rise to this appeal.

defense of Westgate's claims constituted an "enforcement" of its rights under the TLA, it counterclaimed for recovery of its attorneys' fees and expenses pursuant to the TLA.

At the conclusion of discovery, the district court granted summary judgment in favor of Holiday on the merits; indeed, Westgate conceded that Holiday was entitled to summary judgment on Westgate's claims for unjust enrichment and promissory estoppel.[2] Subsequently, the district court granted Holiday's motion for summary judgment on its counterclaim for attorneys' fees and expenses and denied Westgate's cross-motion seeking dismissal of the same. Specifically, the court found that Holiday was entitled to an award of attorneys' fees in the amount of $235,760.40, and costs and expenses in the amount of $69,056.05.

Westgate timely appeals, contending principally that Holiday is not entitled to recover its fees and costs because Holiday was not "enforcing" its rights under the TLA but was merely defending non-contractual claims arising independently of the TLA. Westgate also contends, in the alternative, that the amount of the district court's award is unreasonable.

---

[2] At oral argument before us, Westgate explained that the suit was filed with an expectation that certain evidence supporting its claims would emerge during discovery, but that by the time Holiday's motion for summary judgment was ripe for determination, such evidence had not been obtained.

4

Having had the benefit of oral argument and having carefully reviewed the briefs, record and applicable law, we agree with the district court's analysis as set forth in its well-reasoned orders. <u>See</u> <u>Westgate Myrtle Beach, LLC v. Holiday Hospitality Franchising, Inc.</u>, No. 4:08-cv-03590-JMC, 2010 WL 4751573 (D.S.C. Nov. 16, 2010); <u>Westgate Myrtle Beach, LLC v. Holiday Hospitality Franchising, Inc.</u>, No. 4:08-cv-03590-JMC (D.S.C. June 2, 2011), ECF No. 76. Accordingly, we affirm the judgment for the reasons stated by the district court.

<u>AFFIRMED</u>

5